CHIEE JUSTICE DUVALL
delivered the opinion or the oodrt:
In this action the plaintiff sought to recover a balance claimed to be due on a bill of exchange for $2,500, dated 8th September, 1852, of which Davis was the drawer, Floyd the acceptor, Young the payee, and Arnold and Jones indorsers. The bill was made for the accomodation of Floyd, the acceptor. All the parties to the bill were sued except Jones, the last indorser, and the action was dismissed, before trial, as to Arnold.
The defenses relied upon in the answer were payment and want of notice, and the release, by the plaintiff, of the last two indorsors on the bill. The law and facts having been submitted to the court without the intervention of a jur}', judgment was rendered dismissing the action,- and the plaintiff has appealed.
On the trial the facts were agreed by the parties, and are substantially as follows. That the defendants had due notice of the protest of the bill, and that the plaintiff ought to recover, unless a payment which had been made by Arnold, on the 23d November, 1857, of $103, and a payment by Jones, on the 13th July, 1853, should be credited as so much paid on the bill; that the two sums mentioned had been received byr the plaintiff, who was the holder of the bill, under an agreement with Arnold and Jones respectively, to the effect that in consideration of the payment'by them of the sums mentioned the *161 plaintiff was not thereafter to hold them liable upon the bill, but would look to the other parties for payment. And it was further agreed that the two sums mentioned made an amount equal to and greater than the balance due on the bill, and that the plaintiff claimed judgment on the ground that the two sums so paid to the plaintifl by Arnold and Jones ought not to be credited as payments on the bill.
This arrangement was, in effect and substance, a release by the holder of the several liabilities of the two indorsers, for the consideration stated. The release to Jones, who was the last indorser, was executed by the plaintiff in July, 1853, and the release to Arnold, who was next to the last indorser, was executed in November, 1857.
Upon these facts two questions arise:
1. Did the release of the last two indorsers operate to discharge the antecedent parties to the bill.
2. Were the antecedent parties entitled to the benefit of the sums paid by Arnold and Jones to the holder, in consideration of their release, as payments upon the bill.
First. It is well settled that the drawer and indorsers of a bill will be discharged by a release of the acceptor, or by any valid agreement between the holder and the acceptor, founded upon a valuable consideration in which the drawer and indor-sers respectively do not concur, whereby time is given to the acceptor for payment of the bill after it is due. The rule, as stated in more general terms, is, that the holder’s discharging or giving time to, any of the parties on a bill, will be a discharge of every other party who, upon paying the bill, would be entitled to sue the party to whom such discharge or time has been given. (Story on Bills, sec. 425 )
But it is equally well settled, as laid down in the authority cited, that a discharge or release by the holder to any party upon the bill, will not discharge the antecedent parties who are liable to him for the debt, but will only discharge the subsequent parties; since the antecedent parties are in no wise injuriously affected as to their rights by the discharge, (Ibid, secs. 429, 430, and the authorities there cited.)
*162 It is clear then that the release to Arnold and Jones did not discharge the liability of either the drawer, acceptor, or prior indorser of the bill in question. The parties were severally, not jointly, liable, according to their respective positions on the bill, there being no evidence of any such agreement as would vary or modify such liability.
Second. The facts of the case render it certain that the two sums paid by Arnold and Jones were not intended, either by them or by the holder, as payments on the bill, but were paid and received as the consideration of the release by the holder of the separate liability of the two indorsers. There was no stipulations, and there is nothing in the record to authorize the deduction, that the arrangement between the holder and either of the two indorsers was intended for the benefit of any of the other parties to the bill.
On what principle then can the acceptor, or,any prior party, claim the benefit of those payments, as a discharge pro tanto of their several liabilities? If Jones had either voluntarily, or by legal coercion, paid to the holder the fall amount of the bill, it would have given him an immediate right of action against all or any of\ the antecedent parties. The payment would have operated to discharge his liability to the holder, but certainly not that of the other parties, and we do not see how the payment of a" less sum, as the mere consideration of the holder’s agreement to release him, can have any greater or different effect. As has been shown, the drawerand indorsers of-this bill were not joint sureties of the acceptor, but were severally liable to the holder according to their respective positions on the bill. That holder had a right to compound with and release the last indorser upon such terms as they might agree on. The amount paid by the indorser for his release was altogether immaterial to the prior parties. It neither increased nor diminished their liability. They were bound for the entire debt, and had no right to inquire, into the terms or conditions on which the release was obtained.
It results that the court below erred in dismissing the plaintiff’s action.
*163 The judgment is therefore reversed, and the cause remanded for a new trial and further proceedings not inconsistent with the principles of this opinion.